# EXHIBIT 3

Christopher W. Olmsted, CA Bar No. 173771
christopher.olmsted@ogletree.com
Cameron O. Flynn, CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants RESER'S FINE FOODS, INC., CINDY FLORES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| JAMES DUNION, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RESER'S FINE FOODS, INC., an Oregon stock corporation; CINDY FLORES, an individual; and DOES l through100, inclusive,<br><br>Defendants. | Case No. 25CU008915C<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Michael T. Smyth, Dept. C-67]<br><br>Action Filed: February 19, 2025<br>Trial Date: None Set |

Defendants RESER'S FINE FOODS, INC. and CINDY FLORES ("Defendants") hereby answer the Original Complaint ("Complaint") filed by Plaintiff JAMES DUNION ("Plaintiff"):

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the COMPLAINT, and further deny that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff may not litigate this action in a judicial forum because Plaintiff and the persons Plaintiff seeks to represent are subject to mandatory, final, and binding arbitration agreements that require each of them to arbitrate their claims on an individual-only basis.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The Complaint, and each of its causes of action, and its requests for any award and/or penalties, is barred in whole or in part. At all times, Defendant was acting in good faith and had reasonable grounds for believing their actions did not violate the law, they paid Plaintiff and the employees Plaintiff seeks to represent for all hours worked, and any failure to comply with the compensation provisions of the California Labor Code or the applicable Wage Order(s), which Defendant denies, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiff, and was not due to any action or omission of Defendant, including, inter alia, Plaintiff's failure to accurately record his work times, abide by company policies and practices pertaining to the allegations in his lawsuit, and report any alleged violations to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each of its causes of action, is barred in whole or in part by Plaintiff's failure to comply with employee obligations and pertinent duties under California Labor Code, including but not limited to Labor Code §§ 2854, 2856-2859, 2922, and 2924.

**NINTH AFFIRMATIVE DEFENSE**

The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime wages, and any alleged violations thereto, are barred to the extent Plaintiff seeks to recover wages for work that Defendant did not suffer or permit Plaintiff to perform, was not

performed while under the direction and control of Defendant, and/or that was performed without Defendant's actual or constructive knowledge.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims premised on a failure to provide meal periods are barred to the extent Defendant implemented valid written meal period waivers and/or on-duty meal period agreements.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims by Plaintiff premised on a failure to provide meal or rest periods are barred because Defendant provided, authorized, and permitted meal and rest periods in accordance with the law; employees were not required to work during any meal or rest period; and any failure by Plaintiff to take a meal or rest period was due to Plaintiff's own election and not any acts or omissions by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and/or Plaintiff's counsel are inadequate representatives of the putative class they seek to represent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not shown and cannot show that class or representative treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy, and a class action would not be manageable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff's class, as defined, is not readily ascertainable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

/ / /

/ / /

/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Availability of Damages)**

Pursuant to Business & Professions Code section 17200 *et seq.*, Plaintiff is not entitled to an award of damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Liability For Hours That Are Not Working Time)**

The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Overtime)**

The Complaint, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff did work any overtime, which Defendant denies because Plaintiff was exempt, such work was not authorized by Defendant and performed without Defendant's knowledge.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Penalty)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 98.6, 210, 226.3, 226.7, 558, 1102.5 and 1174.5. and IWC Order No. 12-2000, because, at all relevant times, Defendant did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Waiting Time Penalties)**

The Complaint, and each and every cause of action alleged therein, fails to state a claim for waiting time penalties under Labor Code section 203 and applicable federal law.

/ / /

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Not a Covered Employer)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant Cindy Flores was not a covered employer at the time the alleged wrongful conduct occurred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; California Labor Code section 203, and Business and Professions Code section 17208.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Uncertainty – Conclusory Class and Representative Allegations)**

The Complaint, and each and every cause of action alleged therein, is barred because the Complaint is uncertain in that the purported class and representative allegations are conclusory.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality of Penalties)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

/ / /

/ / /

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Unknown Hours Worked)**

The Complaint, and each and every cause of action alleged therein, is barred or at least limited, by the doctrine of unknown hours worked.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED: October 21, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: Christopher W. Olmsted

Christopher W. Olmsted
Cameron O. Flynn

Attorneys for Defendants RESER'S FINE FOODS, INC., CINDY FLORES